IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDIE PHELPS                                                                                          PLAINTIFF

vs.                                            Civil No. 6:08-cv-06091

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Edie Phelps ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff previously applied several times for SSI, with the most recent application filed on October 29, 1999. (Tr. 17). Plaintiff alleged an onset date of December 4, 1993. (Tr. 17). Plaintiff's SSI claim was denied initially and upon reconsideration, and after a hearing, an unfavorable decision was issued on October 17, 2001. (Tr. 47-53).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

Plaintiff filed her current application for SSI on June 2, 2004. (Tr. 17). Plaintiff alleged she was disabled due to arthritis, bulging discs in her lower back, fibromyalgia, hyperthyroidism, mental problems, bipolar disorder, and depression. (Tr. 18). Plaintiff again alleged an onset date of December 4, 1993. (Tr. 17). This application was initially denied and again on reconsideration. (Tr. 17).

On April 18, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 17). This hearing was held on May 12, 2006 in Hot Springs, Arkansas. (Tr. 672-689). Plaintiff was present and was represented by counsel, Rachael Adland, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained a high school education. (Tr. 17, 677).

Following the May 12, 2006 hearing, the Appeals Council vacated the October 17, 2001 decision due to an inability to locate the prior file or redevelop the evidence. The Appeals Council directed the ALJ to consider Plaintiff's claim back to her October 29, 1999 application. (Tr. 29).

On November 16, 2006, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 17-28). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since 1994. (Tr. 26, Finding 3). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, arthritis, fibromyalgia, hyperthyroidism, adjustment disorder with anxiety, major depressive disorder, and post traumatic stress disorder. (Tr. 26, Finding 4). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 26,

Finding 4).

In this decision, the ALJ stated he evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 26-27, Findings 5 & 6). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. (Tr. 23). Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for light work activity with significant mental limitations including work where interpersonal contact is incidental to the work performed; tasks are learned and performed by rote with few variables and little judgment, and supervision is simple, direct, and concrete. (Tr. 27).

The ALJ then evaluated Plaintiff's PRW. (Tr. 27, Finding 12). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 676-677, 686-687). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a copier and fax machine repairer. (Tr. 27, Finding 9). Considering her RFC, the ALJ determined Plaintiff was unable to perform any of this PRW. (Tr. 27, Finding 12).

The ALJ then evaluated whether, considering her age, education, work experience, and RFC, Plaintiff would to be able to perform other work existing in significant numbers in the national economy. (Tr. 27, Finding 13). The VE testified at the administrative hearing regarding this issue. (Tr. 687-688). Specifically, the VE testified that given all these factors, a hypothetical person would be able to perform work as a housekeeper (406,000 such jobs in the national economy), and as a machine operator (155,000 such jobs in the national economy). (Tr. 687-688). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 29, 1999 through the date of his decision or through November 17, 2006. (Tr. 28, Finding

15).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 12-13). *See* 20 C.F.R. § 404.968. On September 3, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 8-10). On October 10, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 20, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

-4-

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R.

pt. 404, subpt. P, app. 1; (B) the ALJ erred in his RFC determination, (C) the ALJ failed to fully and fairly develop the record, and (D) the ALJ erred in his evaluation of Plaintiff's subjective complaints. In response, Defendant argues: (A) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (B) the ALJ properly determined the Plaintiff's RFC, (C) the ALJ fully and fairly developed the record, and (D) the ALJ properly considered Plaintiff's subjective complaints. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address Plaintiff's fourth argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. A review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis. The ALJ did not consider Plaintiff's daily activities and the fact that those limited daily activities support her claims of disability and side effects from Plaintiff's medication. (Tr. 677-684).

Plaintiff claims she is disabled due in part to fibromyalgia. (Tr. 18). This condition often comes with little medical proof, and many times the bulk of the proof comes from the testimony of the claimant. As a result, the majority of Plaintiff's proof of her alleged disability is from her complaints of pain and such complaints are subjective by their very nature. Therefore, it is essential for the ALJ to properly consider those subjective complaints pursuant to *Polaski* before discounting the credibility of those complaints.

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of January, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.